# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-1189V**
**Filed: May 31, 2018**
UNPUBLISHED

| | |
|---|---|
| IPUNA BLACK, as Mother and Natural Guardian, and KLINE BLACK, as Father and Natural Guardian of J.B., <br><br>            Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>            Respondent. | Special Processing Unit (SPU); Ruling on Entitlement; Uncontested; Causation-In-Fact; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.*
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

       On September 22, 2016, petitioners filed a petition for compensation, on behalf of their minor child, J.B., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioners allege that J.B. suffered Guillain-Barre Syndrome ("GBS") as a result of his October 14, 2015 influenza ("flu") vaccine.  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 31, 2018, respondent filed his Rule 4(c) report in which he states that he does not contest that petitioners are entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.  Specifically, respondent indicates that

> [m]edical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"), have reviewed the petition and medical records filed in the case. It is respondent's s position that petitioners have satisfied the criteria set forth in the newly revised Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI").[3] Although the revised Table only governs petitions filed on or after the effective date of the final rule, the evidence shows that J.B. suffered GBS following the administration of a seasonal flu vaccine, and that the onset occurred within the time period specified in the Table. Recognizing that petitioners may re-file this petition and be afforded a presumption of causation under the revised Table (*see* 42 U.S.C. § 300aa-16(b)), respondent will not contest entitlement to compensation in this case.

*Id.* at 3-4.

**In view of respondent's position and the evidence of record, the undersigned finds that petitioners are entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] "The final rule amending the Table to add GBS as a Table injury for flu vaccine was published on January 19, 2017, and took effect on March 21, 2017. 82 Fed. Reg. 6294 (Jan. 19, 2017) (to be codified at 42 C.F.R. Pt. 100)."  Respondent's Rule 4(c) Report at fn 1.