# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1189V
Filed: July 3, 2018
UNPUBLISHED

| | |
|---|---|
| IPUNA BLACK, as Mother and Natural Guardian, and KLINE BLACK, as Father and Natural Guardian of J.B., <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.*
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On September 22, 2016, petitioners filed a petition for compensation, on behalf of their minor child, J.B., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq., (the "Vaccine Act"). Petitioners allege that J.B. suffered Guillain-Barre Syndrome ("GBS") as a result of his October 14, 2015 influenza ("flu") vaccine. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 31, 2018, a ruling on entitlement was issued, finding petitioners entitled to compensation for GBS. On June 29, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating that compensation should be awarded as follows: a lump sum payment of $147,312.00, representing compensation for life care expenses for Year One ($7,312.00) and pain and suffering ($140,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of J.B., for the benefit of J.B.; a lump sum payment of $28,290.49, representing compensation for past

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

unreimbursable expenses, in the form of a check payable to petitioners; and an amount sufficient to purchase an annuity contract for life care items, subject to the conditions described in respondent's Proffer, that will provide payments for the life care items contained in the life care plan, attached as Tab A to respondent's Proffer attached hereto, paid to the life insurance company from which the annuity will be purchased. Proffer at 1-5.

In the Proffer, respondent represented that petitioners agree with the proffered award. Based on the record as a whole, the undersigned finds that petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards** the following compensation:

A. A lump sum payment of $147,312.00, representing compensation for life care expenses for Year One ($7,312.00) and pain and suffering ($140,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of J.B., for the benefit of J.B.;

B. A lump sum payment of $28,290.49, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners; and

C. An amount sufficient to purchase an annuity contract for life care items, subject to the conditions described in respondent's Proffer, that will provide payments for the life care items contained in the life care plan, attached as Tab A to respondent's Proffer attached hereto, paid to the life insurance company from which the annuity will be purchased. Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners as guardian(s)/conservator(s) of the estate of J.B., only so long as J.B. is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A of respondent's Proffer describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.

This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| IPUNA BLACK, as mother and natural guardian, and KLINE BLACK, as father and natural guardian of J.B., ) ) ) ) | |
| Petitioners, ) ) | |
| v. ) ) | No. 16-1189V Chief Special Master Dorsey (ECF) |
| SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, ) ) ) | |
| Respondent. ) | |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.     Items of Compensation**

   A.     Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLP, and petitioners engaged Brook Feerick, RN, CCM, CNLP, to provide an estimation of J.B.'s future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in respondent's Rule 4(c) Report, filed May 31, 2018. On that date, respondent conceded that J.B. suffered from Guillain Barre syndrome as a result of an influenza vaccine he received on October 14, 2015. The Chief Special Master issued a Decision on Entitlement on the same day. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for J.B.,

attached hereto as Tab A.[1]  Respondent proffers that J.B. should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioners agree.

      B.      Lost Future Earnings

The parties agree that based upon the evidence of record, J.B. will likely be gainfully employed in the future.  Therefore, respondent proffers that J.B. should not be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B).  Petitioners agree.

      C.      Pain and Suffering

Respondent proffers that J.B. should be awarded $140,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioners agree.

      D.      Past Unreimbursable Expenses

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to J.B.'s vaccine-related injury.  Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $28,290.49.  Petitioners agree.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

**II.     Form of the Award**

The parties recommend that the compensation provided to J.B. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $147,312.00, representing compensation for life care expenses for Year One ($7,312.00) and pain and suffering ($140,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of J.B., for the benefit of J.B.

B.  A lump sum payment of $28,290.49, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners.

C.  An amount sufficient to purchase the annuity contract for life care items,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning

---

[2] Should J.B. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners as guardian(s)/conservator(s) of the estate of J.B., only so long as J.B. is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a three percent (3%) growth rate should be applied to all non-medical life care items, and a four percent (4%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: three percent (3%) compounded annually from the date of judgment for non-medical items, and four percent (4%) compounded annually from the date of judgment for medical items.  Petitioners agree.

---

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

### 2. Life-Contingent Annuity

Petitioners will continue to receive the annuity payments for life care items from the Life Insurance Company only so long as J.B. is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of J.B.'s death.

### 3. Guardianship

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of J.B.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of J.B., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of J.B. upon submission of written documentation of such appointment to the Secretary.

**III.    Summary of Recommended Payments Following Judgment**

A.   Lump sum paid to petitioners as court-appointed
     guardian(s)/conservator(s) of J.B.'s estate:                **$   147,312.00**

B.   Lump sum paid to petitioners:                                **$    28,290.49**

C.   An amount sufficient to purchase the annuity contract described
     above in section II. C.

        Respectfully submitted,

        CHAD A. READLER
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        TRACI R. PATTON
        Senior Trial Attorney
        Torts Branch, Civil Division

        ***/S/ALEXIS B. BABCOCK***
        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Telephone: (202) 616-7678

Dated:  June 29, 2018

**Appendix A:  Items of Compensation for J.B.**                                                                         Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-6 | Compensation Year 7 | Compensation Years 8-9 |
|---|---|---|---|---|---|---|---|---|
| | | | 2018 | 2019 | 2020 | 2021-2023 | 2024 | 2025-2026 |
| Pediatric Psychiatrist | 0% | | 775.00 | | | | | |
| Dr. Pfau | 4% | | 525.00 | 525.00 | 525.00 | 525.00 | 525.00 | 525.00 |
| Neuropsych Testing | 3% | | | | 2,449.00 | | 2,449.00 | |
| Auditory Processing Re-Eval | 3% | | 900.00 | 900.00 | 900.00 | 900.00 | 900.00 | 900.00 |
| ST | 3% | M | 1,860.00 | 1,860.00 | 1,860.00 | 1,860.00 | 1,860.00 | 1,860.00 |
| Tutor | 3% | | 3,252.00 | | | | | |
| Pain and Suffering | | | 140,000.00 | | | | | |
| Past Unreimbursable Expenses | | | 28,290.49 | | | | | |
| Annual Totals | | | 175,602.49 | 3,285.00 | 5,734.00 | 3,285.00 | 5,734.00 | 3,285.00 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/
conservators(s) of the estate of J.B. for the benefit of J.B. for Year 1 life care expenses ($7,312.00) and pain and suffering ($140,000.00): $147,312.00.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners, Ipuna Black
and Kline Black, for past un-reimbursable expenses: $28,290.49.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.